United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Thomas and Kelley Stephens,                                    Case No. 09-79627-R
               Debtors.                                   Chapter 7
_____/

Thomas J. Budzynski,
               Plaintiff,

v.                                                             Adv. No. 10-4230

Thomas and Kelley Stephens,
               Defendants.
_____/


Opinion Granting Motion to Dismiss Complaint

I.

On December 30, 2009, the debtors filed for chapter 7 relief. They listed an unsecured debt

to Thomas Budzynski in the amount of $51,919.77 for legal services. Budzynski represented the

debtors in a previous chapter 11 case (Case No. 01-45547) and his fees were approved for that

amount.

On January 26, 2010, Budzynski filed this adversary proceeding seeking to have the debt

declared nondischargeable and for a determination that the debt is a secured debt. In the complaint,

Budzynski alleged that the debtors executed a retainer agreement which provided for a consensual

lien on their property. Budzynski asserted that his fee application was approved and that his fees

were to be paid within 10 days of the March 22, 2004, plan confirmation date. Budzynski alleged

that the debtors never intended to pay his attorney fees and therefore obtained his services by false

representation.

The parties filed cross-motions for partial summary judgment on the issue of whether the debt was a secured debt. The Court conducted a hearing on April 12, 2010, and found in favor of the debtor. The Court dismissed Budzynski's claim that he held a valid security interest.

On April 22, 2010, Budzynski filed his second amended complaint restating his lien claim. He asserts that after confirmation of their first bankruptcy plan, the debtors collected rents totaling $135,000, upon which Budzynski holds a lien. Budzynski further contends that the debtors collected funds from the rental of the Brabb House and converted those funds to their own use.

Budzynski also reiterates his claim that the debtors obtained his services through fraud and misrepresentation because they never intended to pay for his services.

The debtors now seek to dismiss the complaint in its entirety.

II.

The debtors contend that the § 523(a)(2) count should be dismissed because Budzynski has failed to plead that he relied on the alleged false statements made by the debtors, that the debtors intended to deceive him, and that the alleged misrepresentations were the cause of his loss.

With respect to the lien claim, the debtors contend that this count has already been dismissed by the Court. Further, the debtors argue that Budzynski's allegation that he had a lien in all monies owed to the debtors is without merit.

Budzynski responds that his second amended complaint sufficiently sets forth a claim under § 523(a)(2). Further, Budzynski asserts that he expected to be paid and was not handling the case on a pro bono basis. Budzynski argues that the debtors signed the retainer agreement stating that they would pay his fees and they never intended to do so. Budzynski further contends that the fact that the plan was confirmed establishes justifiable reliance because Budzynski would not have filed

a plan had he not believed that he was going to get paid.

Budzynski filed a separate response to the debtors' motion to dismiss the lien claim in the second amended complaint, however, he only addressed the § 523(a)(2) claim.

III.

When addressing a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). However, even though all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 452 (6th Cir. 2003), and whether the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007)).

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). As required by Fed.R.Civ.P.9 (b), made applicable to adversary proceedings by Rule 7009 of the Federal Rules of Bankruptcy Procedure, "[a]verments of fraud must be stated with particularity[, and] the threshold test is whether the

complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *In re LTV Steel Co., Inc.,* 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted). In order "to satisfy . . . Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'" *Hartley v. Elder-Beerman Stores Corp.* (*In re Elder-Beerman Stores Corp.*), 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)).

To except a debt from discharge under § 523(a)(2)(A) a creditor must prove the following four elements: "(1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 280-81 (6th Cir.1998).

In paragraph 10 of the complaint, Budzynski alleges that the debtors represented, both orally and by executing a retainer agreement, that they had sufficient funds and assets to pay the fees incurred.

In paragraph 18, Budzynski alleges that the debtors obtained services by means of a false representation and actual fraud in that the debtors by their actions have shown that they had no intention to pay for services

The complaint fails to identify the allegedly false statement made by the debtors. It also fails to allege reliance upon the representations or that the reliance was the cause of his loss.

4

Accordingly, the § 523(a)(2) claim does not plead the necessary elements, and certainly not with the required specificity. Accordingly, it will be dismissed.

With respect to the restated lien claim, as noted above, Budzynski did not address the debtors' motion to dismiss this claim in either of his responses. Accordingly, this claim is dismissed as well.

The second amended complaint is therefore dismissed.

Not for Publication.

**Signed on June 28, 2010**

_____
/s/ **Steven Rhodes**
**Steven Rhodes**
**United States Bankruptcy Judge**
